# FARMERS STATE BANK OF EVANSVILLE, MINNESOTA, v. CARL AUGUST FORSGREN AND OTHERS.
## C. H. LARSON, APPELLANT.[1]

November 4, 1921.

No. 22,360.

**Partnership — use of name of retiring partner — extension of credit.**

1. Where, on dissolution of a partnership, the retiring partner authorizes the continuing partners to use his name, they are authorized to use it for obtaining credit for the legitimate purposes of the partnership business, and a person having knowledge of such authority and extending such credit in reliance on it, may continue to extend credit, until he is notified that the authority has been withdrawn.

**Same — notice to such partner of use of his name.**

2. There were no errors in the rulings of the court on evidence nor in the charge of the court. The retiring partner was charged with knowledge of the use of his name in connection with transactions properly incident to the business.

Action in the district court for Douglas county to recover $800 upon two promissory notes. The case was tried before Taylor, J., and a jury which returned a verdict for the amount demanded. From an order denying his motion for a new trial, C. H. Larson appealed. Affirmed.

*Constant Larson,* for appellant.

*Gunderson & Leach,* for respondent.

HALLAM, J.

1. This action is brought against defendants Carl A. Forsgren, J. Walford Forsgren and C. H. Larson to recover on two promissory notes,

[1]Reported in 184 N. W. 966.

executed and signed by one of the defendants Forsgren, in the name of Forsgren Brothers and Larson. Defendant Larson defends on the ground that the note was signed without his authority. The jury found for plaintiff and defendant Larson appeals.

In January, 1902, defendant Larson was engaged in the mercantile business at Evansville, Minnesota. At that time he formed a partnership with the defendants Forsgren under the name of Forsgren Brothers and Larson, and together they conducted the business until 1908. At that time the partnership was dissolved. Notwithstanding the dissolution of the partnership, defendant Larson told the Forsgrens "you can use my name for a while," and the Forsgrens with his consent did continue to use Larson's name after the dissolution of the partnership. This was done for the purpose of enabling the Forsgren Brothers to obtain credit. Up to the spring of 1911 they ordered most of their goods in the name of Forsgren Brothers and Larson. During the whole period of the existence of the partnership, the defendants carried a deposit account in plaintiff's bank in the name of Forsgren Brothers and Larson, and the use of that name continued in this connection until after the giving of the notes sued on. Plaintiff's officers knew of the dissolution of the firm. They also knew that Larson had thereafter permitted the Forsgrens to use his name. There is evidence that upon one occasion Larson was asked by plaintiff's cashier if the Forsgrens had authority to use his name and that he answered "yes." The indebtedness which is now evidenced by the notes in suit arose out of two loans of money negotiated by the Forsgrens and used in the business prior to 1911.

The original notes were renewed when due. There were several subsequent renewals. All the notes were executed by one of the Forsgren brothers in the name of Forsgren Brothers and Larson.

It seems very clear that defendant Larson was liable on the original notes, not on the theory that he was a partner or that he held himself out as a partner, but on the theory that he had in terms authorized the Forsgrens to use his name. As we understand the authority given, it was an authority to use his name for the purpose of obtaining credit

for the legitimate purposes of the partnership business, whether credit was asked of a banking institution or of a mercantile concern.

Before the notes sued on were given, defendant Larson had given the Forsgrens directions to discontinue the use of his name. We are of the opinion that this did not relieve him from liability. In view of the authority given by Larson to the Forsgrens and of the fact that the bank knew of it and acted upon it, we are of the opinion that the authority would continue until the bank received notice that it had been withdrawn. The court charged the jury in substance to this effect, and the jury by its verdict must have found that the bank had no such notice. We think the evidence is sufficient to sustain that finding. Plaintiff's cashier so testified, and it appears also that, during all of the time up to the giving of these notes, the bank account was continued in the name of Forsgren Brothers and Larson, and deposit slips and checks were made in that name and that defendant Larson received some of these checks. In addition to these facts there is the significant fact that defendant Larson was liable on the original indebtedness, and there is nothing in the case to show that his liability had ceased.

2. Exception is taken to certain rulings of the court on admission of evidence. We have examined them with care and hold them not well taken.

It was proper to show the manner in which the Forsgrens used Larson's name in their transactions with plaintiff, though Larson did not have knowledge of every form in which it was used. Having authorized the use of his name, he was charged with knowledge of their use of it in connection with transactions properly incident to the business.

It was proper to show the purpose for which the money was borrowed, that is, to show that it was borrowed for a partnership purpose.

Defendant Larson's letter of instruction to the Forsgrens to discontinue the use of his name was not important in the absence of proof that the bank had notice of it.

The charge of the court was in accordance with the rules above stated. We find in it no error.

Order affirmed.